```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSE ALBERTO CASTILLO ABREU, MARTHA
YVETTE DIAZ and RODOLFO A. RODRIGUEZ ABREU,      Docket No.: 1:21-cv-01641-NRM-
                                                  VMS
                    Plaintiffs,
                                                  REPLY AFFIRMATION
    -against-

OSCAR A. ALVAREZ, O J S TRUCKING LLC,
FOOD HAULERS INC., WAKEFERN FOOD CORP.,
and SHOP-RITE SUPERMARKETS, INC.,

                    Defendants.
------------------------------------------------------------------------X
```

Adam Calvert, Esq., an attorney admitted to practice law in the Eastern District of New York, affirms the following under penalty of perjury:

1. I am a shareholder at Marshall Dennehey, P.C., attorneys for all defendants, I am familiar with this case and the facts and circumstances detailed in this affirmation. This affirmation is submitted in reply to the plaintiff's opposition to and in further support of defendants' motion to disqualify plaintiffs' attorneys, Gambone Law Group, from further representation of the plaintiffs in this case.

2. Gambone argues that the conflict inherent in this case is negated because two of the plaintiffs are married and because the conflict was waived. Neither of these arguments hold water as this is a conflict that cannot be waived.

3. The plaintiffs' attorney has claimed that there cannot be a conflict of interest because two of the plaintiffs are married. But the marital status of two of the plaintiffs does not excuse the conflict between all three plaintiffs, nor does it resolve the conflict between the married plaintiffs.

4. In Gabri v. Niagara County, 127 Misc. 2d 623 (Sup. Ct., Niagara Cty. 1985), the court explicitly held that "the fact that the Plaintiffs herein are husband and wife does not necessarily dictate identity of interest." The court cited to the 1974 Committee on Professional Ethics of the New York State Bar wherein it stated "if it reasonably appears under the practice developing under the Dole case that the husband is likely to be brought in as a defendant on a third party claim that his negligence caused all or a part of the wife's injuries, the lawyer should not in the absence of special circumstances represent both husband and wife in an action against the third party." In Pessoni v. Rabkin, 220 A.D.2d 732 (2d Dep't 1995), the court addressed attorneys fees related to the settlement of claims where the plaintiffs' attorney represented the husband, wife, and child. In Pessoni, the court held that the attorney was not entitled to fees because the attorney should never have represented the husband, wife, and child in the first place. See also Sidor v. Zuhoski, 261 A.D.2d 529 (2d Dep't 1999) (holding that it was a conflict to represent the mother-driver and infant-passenger); LaRusso v. Katz, 30 A.D.3d 240 (1st Dep't 2006) (holding that representation of husband-driver and wife-passenger was a conflict). Moreover, General Obligations Law 3-313 permit a wife to sue her husband (or vice versa) for tortuous acts.

5. Even if the husband-wife relationship resolved those plaintiffs' conflict, there would still be one plaintiff conflicted as there are three plaintiffs in this case.

6. Finally, defendants plan to make a motion to amend their answer to claim that his accident was staged and assert a counterclaim for fraud against all plaintiff. This additional fact should warrant separate counsel being retained for each plaintiff to address this counterclaim.

7. We would also note that while the plaintiffs' attorney claims that there is no adverse interest because all plaintiffs testified that the defendants were at fault, this does not relieve the conflict. There has been no determination as to liability; therefore, it is entirely possible that a jury

finds the plaintiff-driver at fault and the plaintiff-passengers would be barred from recovery against their own driver because no claim has been asserted against that driver.

8. Counsel also argues that the conflict is excused due to a waiver during a conference with the court. However, this conflict cannot be waived.

9. "Reliance solely upon client waiver and consent as described in DR 5-105(C) as justification for representation of a passenger and driver in a motor vehicle accident is insufficient." Tavarez v. Hill, 23 Misc.3d 377, 381, 870 N.Y.S.2d 774 (Sup. Ct., Bronx Cty. 2009). DR 5-105(C) allows for the representation of multiple clients where: (1) if any disinterested lawyer would believe that the lawyer can competently represent the interest of each; and (2) after full disclosure of the implications of the simultaneous representation and the advantages and risks involved, each consents to the joint representation. The New York Court of Appeals has held that disclosure alone does not resolve the conflict created by dual representation. Greene v. Greene, 47 N.Y.2d 447 (1979). The court in Greene noted that "because dual representation is fraught with the potential for irreconcilable conflict, it will rarely be sanctioned even after full disclosure has been made and the consent of the clients obtained." Id. at 451-52. See also Ganiev v. Nazi, 730 N.Y.S.2d 661 (2d Dep't 2001) (finding that conflict between passengers and driver cannot be waived).

10. Federal courts have also recognized that there is a conflict of interest in the dual representation of passengers and drivers in the same case and that this conflict cannot be waived. Cohen v. Strouch, 2011 WL 1143067 (S.D.N.Y. 2011); In re: Michele Bruno, 327 B.R. 104 (U.S. Bankruptcy Ct. E.D.N.Y. 2005).

WHEREFORE, I request that the court issue an order disqualifying Gambone Law Group from further representation of the plaintiffs in this matter.

Dated: March 25, 2024
       New York, New York

                                                  _____
                                                  Adam Calvert, Esq.

**Certificate of Service**

      I hereby certify that on this 26th day of March, 2024, a true and correct copy of the foregoing was sent via regular U.S. Mail to all attorneys and parties on the above service list.

                                                                _____

                                                                Adam Calvert, Esq.