```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JOSE ALBERTO CASTILLO ABREU, MARTHA  :
YVETTE DIAZ, & RODOLFO A. RODRIGUEZ  :
ABREU,                               :
                                     :
                                     :        ORDER
                      Plaintiffs,    :
                                     :   21 Civ. 1641 (RER) (VMS)
           -against-                 :
                                     :
                                     :
OSCAR A. ALVAREZ, OJS TRUCKING LLC,  :
FOOD HAULERS INC., WAKEFERN FOOD     :
CORP., & SHOP-RITE SUPERMARKETS, INC.,:
                                     :
                      Defendants.    :
---------------------------------------------------------------x
```

**Vera M. Scanlon, United States Magistrate Judge:**

This is a personal injury action arising out of a motor vehicle accident in Queens County, New York. Before the Court is Defendants' motion to disqualify counsel. For the reasons stated below, Defendants' motion is granted. Plaintiffs' counsel is ordered to provide Mr. Castillo Abreu with a copy of this Order on or before January 10, 2025.

**I.   BACKGROUND**

On January 28, 2021, Plaintiffs Jose Alberto Castillo Abreu ("Plaintiff Castillo Abreu"), Martha Yvette Diaz ("Plaintiff Diaz"), and Rodolfo A. Rodriguez Abreu ("Plaintiff Rodriguez Abreu") (collectively, "Plaintiffs") filed a negligence action in New York Supreme Court, Queens County, alleging that they each sustained severe injuries in an automobile collision on the Long Island Expressway. See ECF No. 2-1. In their answer, Defendants denied the allegations and asserted a counterclaim against Plaintiff Castillo Abreu, claiming that, "[u]pon information and belief," Plaintiffs Diaz and Rodriguez Abreu's alleged injuries "were caused entirely by reason of the wrongful conduct of" Plaintiff Castillo Abreu. ECF No. 2-2 at 7-8. This action was timely removed to the United States District Court for the Eastern District of

1

New York.  See ECF No. 2.  After the case had been removed, Plaintiff Castillo Abreu obtained separate counsel to defend against the counterclaim in Defendants' answer (the "Counterclaim").  See ECF No. 13.  Plaintiff Castillo Abreu's original counsel, Gambone Law Group, PLLC ("the Gambone Firm"), continued to represent Plaintiff Castillo Abreu in his personal injury claims against Defendants.

Defendants' counsel requested a pre-motion conference with the Court, in anticipation of filing two motions: one to disqualify the Gambone Firm based on an alleged conflict of interest, and another to amend Defendants' answer, so that Defendants may assert counterclaims for common-law fraud against each Plaintiffs and allege that Plaintiffs had staged the accident.  See ECF No. 31.  The Court held a pre-motion conference, during which Plaintiffs stated on the record that they each understood and waived the potential conflict of interest.  See ECF No. 39 at 10-12.

Following this conference, the Court stated that it would consider the motion to amend Defendants' answer after the motion to disqualify counsel had been decided.  See ECF Entry dated 12/6/2023.  The parties filed a fully briefed motion to disqualify counsel.  See ECF Nos. 46-48.  The Court stayed further proceedings in this case pending the outcome of the motion to disqualify counsel and directed the Gambone Firm to "conduct [their] own review of the identified potential conflict of interest and to act expeditiously to resolve it if Plaintiffs' counsel identifies an unwaivable conflict."  ECF Entry dated 3/31/2024.

While the motion to disqualify was still pending, the Gambone Firm informed the Court that Plaintiffs Diaz and Rodriguez Abreu had obtained separate counsel, and that the Gambone Firm now only represented Plaintiff Castillo Abreu.  See ECF No. 54.  This letter asked the Court to find Defendants' motion to disqualify at ECF No. 46 moot, in light of the substitution of

2

counsel. See id. In response, the Court ordered the Gambone Firm, Betty Yusupov, incoming counsel for Plaintiffs Diaz and Rodriguez Abreu ("Ms. Yusupov"), and Defendants to submit additional papers on Defendants' motion to disqualify. See ECF Entries dated 6/25/2024; 6/27/2024; 8/12/2024; 9/5/2024. The parties all submitted supplemental motion papers. See ECF Nos. 56-60.

The Court proceeds to the merits of the motion to disqualify counsel.

## II.     LEGAL STANDARD

Faced with a motion to disqualify counsel, "a district court must balance 'a client's right freely to choose his counsel' against 'the need to maintain the highest standards of the profession.'" GSI Commerce Solutions, Inc. v. BabyCenter, L.L.C., 618 F.3d 204, 209 (2d Cir. 2010) (quoting Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005)). "The standard for disqualification varies depending on whether the representation is concurrent or successive." Hempstead, 409 F.3d at 133. Concurrent representation, in which an attorney simultaneously represents "one existing client in a matter adverse to another existing client," is "prima facie improper" and requires the attorney facing disqualification "to 'show, at the very least, that there will be no actual or apparent conflict in loyalties or diminution in the vigor of his representation.'" GSI, 618 F.3d at 209 (citations omitted) (emphasis in original). This showing is "a burden so heavy that it will rarely be met." Id. (citations omitted).

When evaluating the proper legal standard for a motion to disqualify, "the status of the relationship [between an attorney and the parties] is assessed at the time that the conflict arises, not at the time that the motion to disqualify is presented to the court." Anderson v. Nassau Cnty. Dep't of Corrections, 376 F. Supp. 2d 294, 298 (E.D.N.Y. 2005). The "standard for concurrent representation applies even if the representation ceases prior to the filing of a disqualification

3

motion." Merck Eprova AG v. ProThera, Inc., 670 F. Supp. 2d 201, 209 (S.D.N.Y. 2009) (collecting cases) ("More colloquially, this is referred to as the 'hot potato' rule, which holds that counsel may not avoid a disqualifying conflict by dropping the less desirable client like a 'hot potato.'"). In a motion to disqualify based on the dual representation of a driver and passenger in an automobile, a court must treat the driver and passenger as concurrent clients, even if representation of either the driver or the passenger is withdrawn prior to the motion.

> A.  **Dual Representation Of A Driver And Passenger In An Automobile Accident After Withdrawing Representation From One Party**

In almost all cases, a lawyer may not represent both the driver and the passenger of the same vehicle in a lawsuit related to an automobile accident. See, e.g., Genao de Valdez v. A. Duie Pyle, Inc., 24 Civ. 05376 (HG), 2024 WL 4710877, at *1 (E.D.N.Y. Nov. 7, 2024); Cohen v. Strouch, No. 10 Civ. 7828 (DLC), 2011 WL 1143067, at *3 (S.D.N.Y. Mar. 24, 2011). For lawsuits arising out of automobile accidents, if the plaintiff-passenger does not pursue separate claims against the plaintiff-driver, "there is a risk of non-recovery [for the plaintiff-passenger] in the event that the named defendant is exculpated from fault." Shaikh ex rel Shaikh v. Waiters, 710 N.Y.S.2d 873, 876 (Nassau Cnty. Sup. Ct. 2000).

The conflict of interest inherent in representing both the plaintiff-driver and plaintiff-passenger exists even if the plaintiff-driver and plaintiff-passenger are married to each other or are family members. See, e.g., Cohen, 2011 WL 1143067, at *3; Pessoni v. Rabkin, 633 N.Y.S.2d 338, 338-39 (2d Dep't 1995); Gabri v. County of Niagara, 486 N.Y.S.2d 682, 684 (Niagara Cnty. Sup. Ct. 1985). Married spouses may bring actions against one another in tort. See N.Y. Gen. Oblig. Law § 3-313 (McKinney 1963). At a minimum, at the outset of representation of the passenger, counsel should assess the possibility of bringing claims against the driver, which would put counsel's clients in adverse positions and preclude dual

4

representation. The representation conflict does not disappear even if the plaintiff-passenger does not assert claims against the plaintiff-driver, as the passenger's and driver's interests will continue to be different throughout the litigation. See Shaikh, 710 N.Y.S.2d at 875.

If a lawyer has represented both the driver and the passenger in a lawsuit arising out of an automobile accident, that lawyer must withdraw as counsel for both the driver and the passenger. Once an "actual conflict of interest has arisen," a lawyer "who undertakes the joint representation of two parties in a lawsuit [should] not continue as counsel for either one[.]" Sidor v. Zuhoski, 690 N.Y.S.2d 637, 638 (2d Dep't 1999) (quoting Matter of H. Children, 608 N.Y.S.2d 784, 785 (Kings Cnty. Fam. Ct. 1994). This is because "continued representation of either or both parties would result in a violation of the ethical rule requiring an attorney to preserve a client's confidences or the rule requiring an attorney to represent a client zealously[.]" Id. at 638-39 (emphasis added). Even without evidence that an attorney obtained confidential information from a discontinued client, a conflict of interest remains if the lawyer retains representation of one plaintiff but discontinues representation of the other. See Gabri, 486 N.Y.S.2d at 685.

### B.  Waiver Of A Dual Driver-Passenger Representation Conflict

Per the New York Rules of Professional Conduct, a conflict of interest regarding concurrent clients may be waived if:

> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; [and] (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal[.]

N.Y. Comp. Codes. R. & Regs. tit. 22, § 1200.00 (2022), Rule 1.7(b). For the waiver to be valid, "each affected client" must give "informed consent, confirmed in writing." N.Y. Comp. Codes.

5

R. & Regs. tit. 22, § 1200.00 (2022), Rule 1.7(b)(4).  Rule 1.7(b)(1) applies an objective standard, measuring a lawyer's actions against that of a "reasonable lawyer."  Cohen, 2011 WL 1143067, at *5.  A court may find a lawyer's belief of adequate representation unreasonable if "one party's interest could adversely affect the other[.]"  Id.

For example, a conflict of interest may be unwaivable if a counterclaim is asserted against the plaintiff-driver.  Once the defendant in an automobile accident lawsuit asserts a counterclaim against the plaintiff-driver, "the pecuniary interests of [the plaintiff-driver] conflict with those of" the plaintiff-passenger(s).  Alcantara v. Mendez, 756 N.Y.S.2d 90, 92 (2d Dep't. 2003); see Shelby v. Blakes, 11 N.Y.S.3d 211, 213 (2d Dep't 2015).  These adverse interests remain even if the plaintiff-driver retains independent counsel to defend a counterclaim, as the counterclaim brings the issue of the plaintiff-driver's alleged negligence to the forefront of the litigation.  See LaRusso v. Katz, 818 N.Y.S.2d 17, 21 (1st Dep't 2006); Tavarez v. Hill, 870 N.Y.S.2d 774, 777 (Bronx Cnty. Sup. Ct. 2009).

For these reasons, district courts in the Second Circuit and New York courts have frequently disqualified attorneys from representing either the driver or the passenger in an automobile action when the attorney previously represented both parties, even if the parties consented.  See Cohen, 2011 WL 1143067, at *1, 5 (finding a conflict of interest unwaivable because the plaintiff-driver was a defendant in a state court action arising out of the same events as the instant litigation); Genao de Valdez, 2024 WL 4710877, at *2 (disqualifying counsel from representing the driver and passenger in an automobile lawsuit, despite a waiver, in part because a counterclaim had been filed against the plaintiff-driver); Shaikh, 710 N.Y.S.2d at 876 (noting that "it is plain to this Court that a disinterested lawyer would not believe that there can be

6

competent representation" where an attorney represents the driver and passenger in an automobile case); Ganiev v. Nazi, 730 N.Y.S.2d 661, 662 (2d Dep't 2001).

**III.     THE GAMBONE LAW FIRM MUST BE DISQUALIFIED**

Plaintiffs make three arguments to oppose their motion to disqualify: that no conflict of interest exists in the representation of the driver, that such a conflict has been rendered moot, and that such a conflict has been waived. All three arguments fail for the reasons below.

**A.     Representing The Driver And Passengers Of The Same Car Poses A Conflict Of Interest, Even After Withdrawing Representation Of The Passengers**

By agreeing to simultaneously represent both Plaintiff Castillo Abreu, the driver in the accident automobile, and Plaintiffs Diaz and Rodriguez Abreu, Plaintiff Castillo Abreu's passengers, the Gambone Firm entered into a conflict of interest. In order to represent Plaintiffs Diaz and Rodriguez Abreu zealously, the Gambone Firm was required to evaluate the liability of Plaintiff Castillo Abreu. If Plaintiff Castillo Abreu were to share any liability for the accident, complete recovery for Plaintiffs Diaz and Rodriguez Abreu would require them to pursue claims against Plaintiff Castillo Abreu. At the very least, in order to zealously represent Plaintiffs Diaz and Rodriguez Abreu, the Gambone Firm would need to investigate the possible liability of Plaintiff Castillo Abreu, another current client.

The Gambone Firm's and Ms. Yusupov's arguments that Plaintiffs' familial relationships eliminate any conflicts of interest do not have a basis in law. See ECF Nos. 59 at 1; 58; 47 at 3. "Even when the driver and passenger are family members and co-plaintiffs in an action, concurrent representation of these parties will result in a conflict of interest due to their differing interests." Cohen, 2011 WL 1143067, at *3. Furthermore, because a conflict exists whether or not the passengers have filed claims against the driver, the Gambone Firm's arguments that "Mr. Rodriguez does not wish to pursue a lawsuit against his own brother" and "[Plaintiff Diaz]

7

testified as to full [sic] liability of the adverse driver and that her husband, the driver, was not at fault for the accident" do not change the conflict analysis.  ECF Nos. 59 at 1; 47 at 3.

To argue that "a disinterested attorney" would permit the dual representation of Plaintiff Castillo Abreu and the passenger Plaintiffs, both the Gambone Firm and Ms. Yusupov argue that Plaintiffs Diaz and Rodriguez Abreu are precluded from bringing cross-claims against Plaintiff Castillo Abreu.  These arguments are incorrect.  First, contrary to both firms' assertions of "spousal immunity," two spouses may pursue valid tort claims against one another.  ECF Nos. 47 at 3; 58; see N.Y. Gen. Oblig. Law § 3-313 (McKinney 1963).  Second, the Gambone Firm alleges that the vehicle's insurance policy immunizes Plaintiff Castillo Abreu from suit, without citing any support for this claim.  See ECF No. 47 at 3.  Third, Ms. Yusupov's argument that any cross-claims against Plaintiff Castillo Abreu would be time-barred is focused on the wrong point in time.  See ECF No. 58.  The conflict analysis must be based on facts at the time of the client retention, which had to be at some point prior to the filing of the lawsuit in January 2021.  See ECF No. 2-1.  Cross-claims were not time-barred at that point, as the accident occurred on December 9, 2020.[1]  See id. at 21.  Such representation was then – and is now – improper.

The Gambone Firm cannot escape its ethical conflict by withdrawing representation from Plaintiffs Diaz and Rodriguez Abreu.  Because this conflict of interest arose when the Gambone Firm undertook simultaneous representation of both Plaintiff Castillo Abreu and his passengers, the Court analyzes the conflict as one of concurrent, not successive, clients.  In the face of a concurrent conflict of interest, as is present here, the Gambone Firm must withdraw representation of all conflicted clients.  In keeping Plaintiff Castillo Abreu as a client, the

---

[1] The Court does not determine that any claims are time-barred, even at the present time.

8

Gambone Firm still has a conflict of interest; therefore, Defendants' motion to disqualify counsel is not moot. See ECF Nos. 54; 57 at 2; 59 at 2.

    **B.    The Conflict Of Interest Between Plaintiff Castillo Abreu And The Passenger-Plaintiffs Cannot Be Waived**

The Gambone Firm and Ms. Yusupov both state that Plaintiffs waived any conflicts of interest. See ECF Nos. 47 at 3-5; 57 at 2; 58; 59 at 1. This argument does not succeed if waiver is unavailable. If the Court finds that a reasonable lawyer would not be able to competently and diligently represent both Plaintiff Castillo Abreu and Plaintiffs Diaz and Rodriguez Abreu, this conflict of interest cannot be waived. To meet this bar, the Gambone Firm must demonstrate that no plaintiff's interests in this litigation "could adversely affect the other[.]" Cohen, 2011 WL 1143067, at *5.

Here, the Court finds that Plaintiff Castillo Abreu's interests are adverse to the interests of Plaintiffs Diaz and Rodriguez Abreu. As the driver, Plaintiff Castillo Abreu may have responsibility for the passenger-Plaintiffs' injuries. The interests of Plaintiffs Diaz and Rodriguez Abreu remain to recover as large a sum in damages as possible – which may include damages from Plaintiff Castillo Abreu. The counterclaim filed against Plaintiff Castillo Abreu in Defendants' answer placed Plaintiff Castillo Abreu's liability directly at issue in the litigation. Moreover, this counterclaim puts Plaintiff Castillo Abreu's pecuniary interests at odds with those of the other Plaintiffs. Plaintiff Castillo Abreu's interests now involve avoiding an adverse judgment, not just recovering damages. Even though Plaintiff Castillo Abreu has retained separate counsel to defend against the counterclaim, these opposing interests in the litigation still exist.

9

In addition, now that Defendants have proposed amending the Complaint to add counterclaims for fraud, Plaintiffs' interests are even more adverse to each other because in opposing either the amendment or the fraud claims, Plaintiffs must analyze the whether the driver – Plaintiff Castillo Abreu – had particular responsibility for the possibly staged accident. See ECF No. 31. The parties must also consider whether the passenger-Plaintiffs participated in fraud, for example, by supporting the claim that Defendants caused the accident, or by exaggerating their injuries. It may be that Plaintiffs' interests all diverge. For these reasons, the Court finds that Gambone Firm's belief that the Firm could diligently represent all three clients was unreasonable, and the conflict of interest cannot be waived.

The Court is aware that this Order "deprives [Plaintiff] of counsel of [his] choice, adds to [his] litigation expenses," and delays the ultimate resolution of this case. Gabri, 486 N.Y.S.2d at 685. Nevertheless, in order to maintain the ethical standards of the legal profession and to protect the interests of each plaintiff in this action, the Court finds that disqualifying the Gambone Firm from representing Plaintiff Castillo Abreu is necessary.

## IV.   CONCLUSION

For the reasons stated above, the motion to disqualify counsel at ECF No. 46 is granted. Plaintiffs' counsel must provide Mr. Castillo Abreu with a copy of this Order on or before January 10, 2025. On or before February 14, 2025, Plaintiff Castillo Abreu must file a letter stating that he will represent himself pro se or his new counsel must file a notice of appearance.

On February 14, 2025, the stay of this case will expire. On or before February 28, 2025, Plaintiffs may file an opposition to the motion to amend at ECF No. 34 if there are any additional arguments to be raised. On or before March 17, 2025, the parties must file a proposed final discovery schedule.

SO ORDERED.

Dated: Brooklyn, New York
December 31, 2024

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge