UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                       :

JOSE ALBERTO CASTILLO ABREU,     :
MARTHA YVETTE DIAZ, and RODOLFO A.  :
RODRIGUEZ ABREU,                    :                  **ORDER**
                                         :

                Plaintiffs,     :      21 Civ. 1641 (RER) (VMS)
                                         :

          -against-            :
                                           :

OSCAR A. ALVAREZ, OJS TRUCKING LLC,  :
FOOD HAULERS INC., WAKEFERN FOOD  :
CORP., and SHOP-RITE SUPERMARKETS,  :
INC.,                                      :
                                           :

              Defendants.     :
------------------------------------------------------------- X

**Vera M. Scanlon, United States Magistrate Judge:**

       Defendants Oscar A. Alvarez ("Mr. Alvarez"), OJS Trucking LLC ("OJS"), Food

Haulers Inc. ("Food Haulers"), Wakefern Food Corp. ("Wakefern") and Shop-Rite

Supermarkets, Inc. ("Shop-Rite" and, collectively with Mr. Alvarez, OJS, Food Haulers and

Wakefern, "Defendants") move to amend their answer to add a counterclaim for fraud against

Plaintiffs Jose Alberto Castillo Abreu ("Mr. Castillo Abreu"), Martha Yvette Diaz ("Ms. Diaz")

and Rodolfo A. Rodriguez Abreu ("Mr. Rodriguez Abreu" and, collectively with Mr. Castillo

Abreu and Ms. Diaz, "Plaintiffs").  See generally ECF No. 31.[1]  Plaintiffs opposes.  See

generally ECF No. 33.  Defendants replies.  See generally ECF No. 34.  The Court has received

multiple supplemental submissions on this motion, spanning two years, resolution of which has

been postponed because of the complicated procedural history of this action, which is further

described below, and the Court has considered all such submissions.  See generally ECF Nos. 36,

---

[1] The Court construes Defendants' pre-motion conference request as the motion.

45, 66, 73-74 & 77.  For the reasons set forth below, the motion is granted.  Defendants must serve and file their amended answer and counterclaims adding the additional counterclaim for fraud permitted by this Order by February 20, 2026.  Plaintiffs must file their answer or other response thereto by March 13, 2026.  The parties must file a proposed schedule for any additional discovery, limited to the newly added counterclaim, by March 27, 2026.[2]

## I.   BACKGROUND

### A.   Commencement Of The Action

Plaintiffs timely commenced this action in the Supreme Court, Queens County, New York, asserting claims against Defendants in relation to a motor vehicle accident that allegedly occurred on December 9, 2020.  See generally ECF No. 2-1.  Plaintiffs asserted that Mr. Alvarez, who was driving one of the vehicles involved in the accident, negligently and recklessly operated his motor vehicle, which caused the accident, and that the OJS, Food Haulers, Wakefern and Shop-Rite negligently hired, trained and supervised Mr. Alvarez, such that they contributed to the accident.  See generally id.  On March 15, 2021, Defendants answered the complaint and asserted a counterclaim against Mr. Castillo Abreu, who was driving the other vehicle involved in the accident, seeking contribution and indemnification for any damages sustained in the accident by Ms. Diaz and Mr. Rodriguez Abreu, who were passengers in Mr. Castillo Abreu's vehicle.  See generally ECF No. 2-2.  On March 26, 2021, Defendants removed the action to this Court on the basis of diversity jurisdiction.  See generally ECF No. 2.  On October 29, 2021, Mr. Castillo Abreu replied to Defendants' counterclaim.  See generally ECF No. 14.

---

[2] The parties were previously instructed to file a proposed schedule for any additional discovery to be conducted.  See 12/31/2024 Order.  The parties confirmed that fact and expert discovery was complete, with Defendants taking the position that, if their motion were to be granted, they would be entitled to conduct additional discovery related to the new counterclaim.  See generally ECF Nos. 63-66.

**B.      Discovery In The Action**

On May 4, 2021, the parties commenced discovery following an initial conference, see 5/4/2021 Order, and obtained seven extensions of time to complete discovery, see 10/13/2021 Order; 4/12/2022 Order; 12/15/2022 Order; 1/31/2023 Order; 3/14/2023 Order; 6/2/2023 Order; 8/1/2023 Order, which ultimately concluded on September 15, 2023, see 8/1/2023 Order.

**C.      Pre-motion Conference**

Following the conclusion of discovery, on October 11, 2023, Defendants filed a pre-motion conference request raising two proposed motions: first, a motion to disqualify Plaintiffs' counsel, Adilya Gambone ("Ms. Gambone"), who represented both Mr. Castillo Abreu, the driver of one of the vehicles involved in the accident, and Ms. Diaz and Mr. Rodriguez Abreu, who were passengers in Mr. Castillo Abreu's vehicle, and, second, a motion to amend Defendants' answer to add a counterclaim for fraud against Plaintiffs, as Defendants' "[i]nvestigation . . . revealed that this was a 'staged accident' where the plaintiffs purposefully ran into the defendant's truck to cause the accident" and "that the injuries alleged by the plaintiffs are either exaggerated or utterly false."  ECF No. 31 at 1-2.  The pre-motion conference request was filed by Defendants' current counsel who, at the time, was Defendants' proposed new counsel.  See 11/27/2023 Order (noting that the request was filed by "a new law firm [that] was 'recently substituted as counsel' [but that] . . . no motion for substitution of counsel ha[d] been filed on the docket" (citation omitted)).  Plaintiffs opposed the request as to both proposed motions.  See generally ECF No. 33.  Defendants replied.  See generally ECF No. 34.  The Court held a pre-motion conference and determined that it would address the motion to substitute Defendants' counsel, the motion to disqualify Plaintiffs' counsel and the motion to amend Defendants' answer to add a counterclaim sequentially.  See 12/6/2023 Order.

3

### D.      Motion To Substitute Defendants' Counsel

Following approximately one month of briefing, see ECF Nos. 35, 37, & 40-42, the Court granted the motion to substitute Defendants' counsel.  See 2/9/2024 Order.

### E.      Disqualification Of Plaintiffs' Counsel

Following briefing, see ECF Nos. 44, 46-52, 54-60, the motion to disqualify Plaintiffs' counsel was denied as moot as to Ms. Diaz and Mr. Rodriguez Abreu, see 9/5/2024 Order, as Plaintiffs' counsel voluntarily withdrew as counsel to Ms. Diaz and Mr. Rodriguez Abreu, who had secured the representation of new counsel, see generally ECF Nos. 54 & 57, and was granted as to Mr. Castillo Abreu, see generally ECF No. 61.  Mr. Castillo Abreu was instructed to file a letter by February 14, 2025, informing the Court of whether he intended to proceed pro se or through new counsel.  See 12/31/2024 Order.  New counsel for Mr. Castillo Abreu, Darmin Bachu ("Mr. Bachu"), appeared on March 24, 2025.  See ECF No. 63.

On August 26, 2025, Mr. Bachu filed a letter informing the Court that he had been suspended from the practice of law for two years, such that he was no longer able to represent Mr. Castillo Abreu, of which he had informed Mr. Castillo Abreu.  See generally ECF No. 67. The Court held a hearing on Mr. Bachu's withdrawal, which Mr. Bachu and Mr. Castillo Abreu were required to attend, see 8/27/2025 Order; 9/2/2025 Dkt. Entry, but Mr. Castillo Abreu was unable to attend the hearing due to his incarceration, of which Mr. Bachu had only recently learned, see generally ECF No. 68; 8/28/2025 Order.  During the hearing, the Court set September 12, 2025, as the deadline either for anticipated new counsel for Mr. Castillo Abreu to file a notice of appearance or for Mr. Bachu to file a letter as to the status of Mr. Castillo Abreu's representation in relation to anticipated new counsel, as well as contact information for Mr. Castillo Abreu.  See 9/2/2025 Order.

On September 17, 2025, Mr. Bachu filed a letter informing the Court that the notice of appearance of anticipated new counsel for Mr. Castillo Abreu was "pending" and providing contact information for Mr. Castillo Abreu, namely through his sister.  See generally ECF No. 71.  The Court extended the deadline for filing the notice of appearance to October 17, 2025, see 9/18/2025 Order, with which Mr. Castillo Abreu did not comply, and again extended the deadline to do so to November 24, 2025, see 11/10/2025 Order, with which Mr. Castillo Abreu again did not comply.  The Court required Mr. Bachu to file a letter informing the Court of the status of the transfer of the representation to new counsel by December 5, 2025.  See 11/26/2025 Order.  On December 5, 2025, Mr. Bachu filed a letter indicating that he was "unable to find counsel to assume the representation," ECF No. 75 at 1, such that Mr. Castillo Abreu is currently proceeding pro se.  Mr. Castillo Abreu has not communicated directly with the Court since his attorney's withdrawal.  See generally ECF Nos. 70-71 & 75.

**F.      Amendment Of Defendants' Answer To Add A Counterclaim For Fraud**

As noted above, Defendants filed a pre-motion conference request seeking to file a motion to amend their answer to add a counterclaim for fraud against Plaintiffs, construed as a motion, as Defendants' "[i]nvestigation . . . revealed that this was a 'staged accident' where the plaintiffs purposefully ran into the defendant's truck to cause the accident" and "that the injuries alleged by the plaintiffs are either exaggerated or utterly false."  ECF No. 31 at 1-2.  Plaintiffs opposed the motion, arguing that the request was "extremely untimely" without adequate explanation and that allowing any such amendment "would be unduly prejudicial" due to the need to reopen discovery.  ECF No. 33 at 2-3.  Defendants replied to Plaintiffs' opposition, rebutting Plaintiffs' timeliness concerns by offering that "[t]he reason that this proposed amendment was brought up at this time was because the alleged fraud was revealed during the

course of discovery and contemporaneous investigation during the litigation of this case," and rebutting Plaintiffs' prejudice concerns by offering that "[t]he fraud counterclaims stem from the same set of underlying facts as the main action" and that, although "[t]he proposed amendment will require some additional discovery on the counterclaim allegations, . . . this would be the same or even less than if a separate action were commenced by the defendants." ECF No. 34 at 3.

In view of the significant representation issues discussed above in relation to Plaintiffs' first counsel, Ms. Gambone, Plaintiffs were instructed to file any additional arguments in opposition to Defendants' motion by February 28, 2025. See 12/31/2024 Order. See 12/31/2024 Order. None of Plaintiffs complied with the aforementioned deadline. New counsel for Mr. Castillo Abreu, Mr. Bachu, appeared on March 24, 2025, and sought and obtained an extension of time to respond to Defendants' motion, see ECF Nos. 63 & 64; 4/10/2025 Order, ultimately filing the new opposition on April 11, 2025. Mr. Bachu's opposition largely reiterated the arguments made by Ms. Gambone as to timeliness and undue prejudice; he additionally argued that the proposed counterclaim is futile, given that "Defendants failed to provide a factual basis beyond their mere assertion that the accident was 'staged'" and "that Plaintiff's injuries are 'exaggerated or false.'" ECF No. 66 at 1-4. New counsel for Ms. Diaz and Mr. Rodriguez Abreu, Betty Yusupov ("Ms. Yusupov"), did not file any additional arguments.

In view of the additional representation issues discussed above in relation to Mr. Castillo Abreu's second counsel, Mr. Bachu, the parties were instructed to file a joint letter as to the status of the motion, particularly in view of the parties' negotiated resolution of a related state court declaratory judgment action, and as to any additional discovery that would be needed if the Court were to grant the motion. See 9/2/2025 Order. This deadline was extended to October 27,

2025, see 9/18/2025, with which the parties did not comply, such that the deadline to do so was extended again to November 24, 2025, see 11/10/2025 Order.  Defendants and Counterclaim-Defendant Mr. Castillo Abreu filed the joint letter, without participation of Mr. Castillo Abreu, as Plaintiff, or Ms. Yusupov, on behalf of Ms. Diaz and Mr. Rodriguez Abreu, informing the Court that "[t]he plaintiff in the . . . State Court Action . . . , which is the insurance carrier providing defense in this action, discontinued its claims against Plaintiffs in this instant action," which does not preclude Defendants' fraud counterclaim here and did not resolve the claim on the merits, as the parties did not reach a settlement,[3] and informing the Court that Defendants would seek various written and deposition discovery related to the proposed fraud counterclaim.  ECF No. 74 at 1-3 (emphasis removed) (footnote omitted).  Ms. Yusupov, on behalf of Ms. Diaz and Mr. Rodriguez Abreu, then sought and obtained leave to supplement the joint letter with her positions on the issues raised by the Court.  See generally ECF No. 76; 12/10/2025 Order.  Ms. Yusupov argued that the state court action had not revealed evidence of fraud and that the discovery that would be sought by Defendants if the motion were to be granted was overbroad.  See ECF No. 77 at 1-5.  She raised additional arguments as to the merits of the motion, despite having declined the opportunity to file supplemental briefing by the February 28, 2025, deadline previously set by the Court, that were largely duplicative of those made in the previously filed briefing, except that she also argued Ms. Diaz and Mr. Rodriguez Abreu do not have "guilt-by-association" with others allegedly involved in fraudulent conduct.  ECF No. 77 at 1-5.

The Court now considers Defendants' motion to amend below.

---

[3] The Court notes that the relevant filing from the related state court action indicates that the action was resolved against Plaintiffs here, and defendants in the state court action, via settlement.  See ECF No. 45 at 3.

## I.    DISCUSSION

A party's right to amend its pleading is governed by Federal Rules of Civil Procedure 15 and 16, "which, when read together, set forth three standards for amending pleadings that depend on when the amendment is sought." Sacerdote v. New York Univ., 9 F.4th 95, 115 (2d Cir. 2021).

The first standard permits a party to amend its pleading "as of right without court permission." Id. (citation omitted).  This standard applies until expiration of either (1) the time period set forth in Federal Rule of Civil Procedure 15(a)(1), which permits a party to amend its pleading "no later than . . . 21 days after serving it" or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier," or (2) the time period otherwise prescribed by a scheduling order for amendment of pleadings as a matter of right.  Id. at 115.

The second standard, set forth in Federal Rule of Procedure 15(a)(2), permits a party to amend its pleading either (1) on written consent of the opposing party or (2) on motion by the party seeking leave to do so, which the court should grant "freely . . . when justice so requires," and should deny only "upon a showing of undue delay, bad faith, dilatory motive, [or] futility." Id. (citation & quotations omitted).  This standard applies up to and including the date set forth in a scheduling order after which no pleading amendments will be permitted.  See id.; see also Fed. R. Civ. P. 16(b)(3)(A) (requiring that a scheduling order "limit the time to join other parties, amend the pleadings, complete discovery, and file motions").

The third standard permits a party to amend its pleading "only up[on] a showing of the good cause that is required to modify a scheduling order under Rule 16(b)(4)," see Sacerdote, 9

F.4th at 115 (citation omitted); see also Fed. R. Civ. P. 16(b)(4) (instructing that "[a] schedule may be modified only for good cause and with the judge's consent"); establishing "good cause depends on the diligence of the moving party," Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 267 (2d Cir. 2009) (citation & quotations omitted).  This standard applies upon expiration of the date set forth in a scheduling order after which no pleading amendments will be permitted.  See id. (citation omitted); see also Fed. R. Civ. P. 16(b)(3)(A).

Under both the second and third standards, where leave to amend is required, the four bases upon which a motion for leave to amend may be denied are futility, bad faith, undue delay and undue prejudice to the opposing parties.  See Cohen v. Am. Airlines, Inc., 13 F.4th 240, 247 (2d Cir. 2021) (applying the second standard, pursuant to Federal Rule of Civil Procedure 15(a)(2) (citations omitted)).  The Court discusses futility, bad faith, undue delay and undue prejudice each in turn below under the second standard.  See generally ECF No. 31.

### A.    Futility[4]

For the reasons discussed below, Plaintiffs failed to meet their burden of showing that the proposed counterclaim for fraud is futile.

Concluding that proposed amendments are futile requires "a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under

---

[4] Neither Plaintiff nor Defendant explicitly addresses the choice-of-law question posed by the futility analysis.  Nonetheless, "[i]n a diversity case such as this one, the choice-of-law rules of New York, the forum state, govern," and, "[u]nder New York choice-of-law rules, where the parties agree that [a certain jurisdiction's] law controls, which includes briefing that "assume[s] that New York law controls," thereby providing "implied consent" to the application of New York law, such agreement or consent "is sufficient to establish choice of law."  Alphonse Hotel Corp. v. Tran, 828 F.3d 146, 152 (2d Cir. 2016) (citations & quotations omitted)).  Here, Defendants apply New York law in their briefing, see generally ECF Nos. 31 & 34 and Plaintiffs only rely on federal cases and do not object to the application of New York law, see generally ECF Nos. 33 & 66, constituting implied consent sufficient to establish New York law as the choice of law for this motion.

Rule 12(b)(6) of the Federal Rules of Civil Procedure.  To determine whether granting leave to amend would be futile, we consider the proposed amendments and the original complaint." In re Trib. Co. Fraudulent Conv. Litig., 10 F.4th 147, 175 (2d Cir. 2021) (citations & quotations omitted).  Courts addressing motions to dismiss pursuant Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim, must "accept[] all factual allegations in the complaint as true and draw[] all reasonable inferences in favor of the plaintiff." Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt., 843 F.3d 561, 566-67 (2d Cir. 2016) (citations omitted).  A complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Sierra Club v. Con-Strux, LLC, 911 F.3d 85, 88 (2d Cir. 2018) (citation & quotations omitted).  With regard to a motion for leave to amend, the party opposing the motion for leave to amend bears the burden of showing futility. See Perez v. Escobar Constr., Inc., 342 F.R.D. 378, 380 (S.D.N.Y. 2022) (citation omitted); Travelex Currency Servs., Inc. v. Puente Enters., Inc., 449 F. Supp. 3d 385, 395 (S.D.N.Y. 2020) (citation omitted); Amaya v. Roadhouse Brick Oven Pizza, Inc., 285 F.R.D. 251, 253 (E.D.N.Y. 2012) (citation omitted).

Defendants' allegations, based on discovery received in this action and in the state court action, that Plaintiffs staged the subject accident and exaggerated or falsified their injuries, see ECF No. 31 at 1-2, coupled with the theory that Plaintiffs are "implicated in an insurance fraud ring" based upon "substantial connections between Plaintiffs in this action and the claimants in actions where fraud has also been alleged," ECF No. 74 at 2, are sufficient to conclude that Defendants' proposed counterclaim for fraud is not futile.

In the state court declaratory judgment action, the insurance company, which is providing the defense to Defendants in this action, alleged "[t]hat[,] in addition to the sheer magnitude of

10

the claims submitted, the claim's legitimacy was questionable because the facts and circumstances leading up to the accident appeared highly unusual, and because the injuries appeared to be exaggerated compared to the severity of the accident, because a runner may have been involved with the claim, because the treatment appears to be minor, and because the address for the attorney of certain billing providers is the same as" the address of counsel for Mr. Castillo Abreu, Ms. Diaz and Mr. Rodriguez Abreu.  ECF No. 36-1 ¶ 43.

The insurance company further alleged in the state court declaratory judgment action that the examinations under oath of Mr. Castillo Abreu, Ms. Diaz and Mr. Rodriguez Abreu, conducted by the insurance company, "raised additional issues as to the legitimacy and medical necessity of the purported medical treatments, which further contributed to a strong possibility that [their] . . . submitted treatments were not causally related to the alleged collision, were exaggerated, and/or did not arise from an insured incident."  Id. ¶ 46.  Such examinations under oath included testimony that "[a] fourth passenger suffered no injuries while all others claimed extensive injuries and have undergone surgeries"; that, "[w]hen asked why their trip to visit a friend of [Mr. Castillo] Abreu's was so late, [Ms.] Diaz testified that the friend had a flight the next day," which "fails to explain why a trip at 11:00 p.m. was necessary"; that Ms. "Diaz did not know this friend, nor believed the other passengers besides [Mr. Castillo] Abreu did"; that Mr. "Rodriguez [Abreu] claimed to know this friend, but did not know details about any travel, or if this friend lived in the United States"; that "[t]his visit, so late in the evening, lasted only a half hour"; that Ms. "Diaz testified that the vehicle flipped and landed on its side, partially lifting onto two wheels, inconsistent with the testimony of the others"; that Mr. "Rodriguez [Abreu] claims excessive damage but claims to have taken no photographs," with the vehicle having been "at a body shop for a few months, with no invoice for repairs received"; and that Mr. Castillo

11

Abreu, Ms. Diaz and Mr. Rodriguez Abreu "were not given x-ray results at the hospital or recommendations, which leads to the assumption that the injuries were likely not severe." Id. (capitalization altered).

The aforementioned allegations are sufficient to conclude that Defendants' proposed counterclaim for fraud is not futile.

### B.   Bad Faith

Plaintiffs do not argue that defendants have proposed the amendment in bad faith, other than Mr. Bachu's conclusory assertion, on behalf of Mr. Castillo Abreu, that the proposed amendment "appears to be an improper litigation tactic" due to the delay in seeking to amend, see ECF No. 66 at 3, which the Court does not find convincing in view of the procedural history discussed above and which was largely attributable to Plaintiffs and their counsel, and Plaintiffs therefore do not meet their burden as to this consideration. See Perez Escobar, 342 F.R.D. at 380 (reasoning that the party opposing the motion for leave to amend bears the burden of showing bad faith (citation omitted)); Travelex Currency, 449 F. Supp. 3d at 395 (same (citation omitted)).

### C.   Undue Delay

Defendants have not unduly delayed proposing the amendment here. Defendants filed their motion less than one month following the conclusion of discovery, see ECF No. 31; 8/1/2023 Order, and did so at that time "because the alleged fraud was revealed during the course of discovery and contemporaneous investigation during the litigation of this case," ECF No. 34 at 2. Plaintiffs have not offered specific reasons, in view of the timing of discovery and the litigation here, as to why the timing of the proposed amendment reflects undue delay and, instead, only suggest that the amendment should not be permitted because discovery is complete

12

and because the case is trial-ready.[5]  See ECF No. 33 at 2-3; ECF No. 66 at 1-2, 4; ECF No. 77 at 3.  The Court does not find that Defendants unduly delayed in proposing their amendment simply because discovery in this action closed, such that, after preparation of a proposed joint pretrial order, the parties could proceed to trial, and, to the extent that Defendants delayed in proposing their amendment at all, such delay was not undue.  See A.V.E.L.A., Inc. v. Estate of Monroe, 34 F. Supp. 3d 311, 316 (S.D.N.Y. 2014) (reasoning that "[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend" (citations & quotations omitted)).

### D.     Undue Prejudice

Plaintiffs have failed to meet their burden to show undue prejudice in relation to the proposed amendment.  See Perez Escobar, 342 F.R.D. at 380 (reasoning that the party opposing the motion for leave to amend bears the burden of showing prejudice (citation omitted)); Travelex Currency, 449 F. Supp. 3d at 395 (same (citations omitted)).  Plaintiffs contend that the need to conduct further discovery, delay trial and adjust related strategy due to the "highly

---

[5] The Court notes that Ms. Yusupov, on behalf of Ms. Diaz and Mr. Rodriguez Abreu, conclusorily states that "Defendants had access to the same information they now rely on to support their fraud allegations at the outset of the case," ECF No. 77 at 4, without citation or reference to any such specific information, which the Court finds to be an unsupported allegation, given Defendants' counsel's representation that they obtained information revealing the purported fraud at issue during discovery in this action and during the course of investigation during this litigation, see ECF No. 34 at 2.

The Court also notes that its independent review of the dockets in this action and in the related state court declaratory judgment action revealed that the insurance company raised allegations of fraud by Mr. Castillo Abreu, Ms. Diaz and Mr. Rodriguez Abreu as early as January 21, 2022, see generally ECF No. 36-1, which was subsequent to the filing of this action but significantly in advance of the filing of the motion to amend Defendants' answer to add a counterclaim for fraud in this action, see generally ECF No. 31.  The Court nonetheless accepts Defendants' representations that the information obtained throughout the course of discovery in this action, and their investigation of this action, contributed to their proposed counterclaim.

inflammatory allegations" would be unduly prejudicial.  See ECF No. 33 at 2; ECF No. 66 at 2; ECF No. 77 at 4-5.  Although allowance of the proposed amendment may require some additional effort on the part of parties and counsel, such additional effort does not constitute undue prejudice warranting the denial of the motion, particularly where dispositive motions have yet to be filed, a proposed joint pretrial order has yet to be filed and a trial date has yet to be set. See A.V.E.L.A., Inc., 34 F. Supp. 3d at 318 (noting that, "[g]enerally, [a]llegations that an amendment will require the expenditure of additional time, effort, or money do not [themselves] constitute undue prejudice," including the "adverse party's burden of undertaking discovery" (citations & quotations omitted)).

## II.    CONCLUSION

For the reasons discussed, Defendants' motion is granted.  Defendants must file their amended answer and counterclaims, adding the additional counterclaim for fraud permitted by this Order, by February 20, 2026.  Plaintiffs must serve and file their answer or other response thereto by March 13, 2026.  The parties must file a proposed schedule for any additional discovery, limited to the newly added counterclaim, by March 27, 2026.  For pro se Mr. Castillo Abreu's information, service of the response to the counterclaim must be mailed to Defendants' counsel's address, which is on the docket, and mailed to the Court at United States District Court for the New York Eastern District, 225 Cadman Plaza East, Brooklyn, NY 11201.

Plaintiffs, including pro se Plaintiff Mr. Castillo Abreu, are on notice that they must participate in this litigation, or the case may be dismissed.  If a default judgment were to be entered on the counterclaim, it could have the legal effect of negating a plaintiff's claims of liability against Defendants.

The parties are encouraged to participate in Court-annexed mediation. If the parties wish to do so, they may request a referral to Court-annexed mediation by filing a joint letter.

The Court will mail this Order and the docket to Mr. Castillo Abreu at his sister's address, see generally ECF No. 71, namely to Jose Alberto Castillo Abreu, c/o Marilyn Rodriguez, 157-59 21st Avenue, Whitestone, NY 11357, and at his penitentiary address, which was located on the New York State DOCCS lookup, namely to Jose Alberto Castillo Abreu, DIN 24R2262, Altona Correctional Facility, 555 Devils Den Road, P.O. Box 3000, Altona, New York 12910.

Dated: Brooklyn, New York
      February 13, 2026

*Vera M. Scanlon*

VERA M. SCANLON
United States Magistrate Judge